## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Timma Woodard, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Diversified Adjustment Service, Inc. and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

For this Complaint, the Plaintiff, Timma Woodard, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Timma Woodard ("Plaintiff"), is an adult individual residing in Riverdale, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $240.00 (the "Debt") to Sprint (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

12.    Within the past year, Diversified contacted Plaintiff in an attempt to collect the Debt.

13.    During February 2012, Diversified began contacting Plaintiff at her place of employment in an attempt to collect the Debt.   Plaintiff informed Diversified that personal calls to her place of employment are inconvenient and against the policy of her employer.   Plaintiff requested that Diversified instead contact her via her cellular telephone and informed them that she was available during her lunch break from 12:00 p.m. to 1:00 p.m.

14.    Despite being so informed, Diversified continued to contact Plaintiff at her place of employment at an excessive and harassing rate, oftentimes causing the employer's phone to ring up to twice daily, three to four days per week.

3

15.    Plaintiff shares an office with other employees.  When Diversified called Plaintiff at work, her coworkers could overhear her conversation.  As a result, at least one of Plaintiff's coworkers has learned of the Debt's existence. This has caused Plaintiff a great deal of anxiety, stress, and embarrassment.

16.    Additionally, if Plaintiff is not at her desk when Diversified calls, the call is automatically transferred to another employee, including those outside of her department.  As a result, Plaintiff became extremely worried, anxious and fearful that her supervisor or another official at her place of employment would learn about the Debt's existence.

17.    On at least one occasion, Plaintiff received a warning from her manager for receiving excessive personal calls, causing Plaintiff to fear losing her job if Diversified continued to contact her at work.

18.    The collection calls also interfere with Plaintiff's ability to concentrate on her work.

19.    On or around May 15, 2012, Plaintiff informed Diversified that she retained the services of an attorney and demanded once again that Diversified cease contact with her.

20.    Despite being so informed, Diversified continued to place calls to Plaintiff.

21.    Diversified has used a hostile and aggressive tone when speaking with Plaintiff, which includes yelling at her to pay the Debt.

22.    Diversified failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

**C. Plaintiff Suffered Actual Damages**

23.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.**

26.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

29.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

30.    The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

31.    The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

32.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

33.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

34.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

35.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

36.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

37.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38.    The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

39.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40.    The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

41.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

43.    The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

44.    The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

45.    The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

46.   Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.   The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.   Georgia further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Georgia state law.

50.   The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

51.   The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

9

52.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

54.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

<u>**COUNT IV**</u>
<u>**PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS**</u>

55.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Georgia.

57.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

58.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear,

frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless,

and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 31, 2012

Respectfully submitted,

By: /s/ Cara Hergenroether, Esq.
Attorney Bar No.: 570753
Attorney for Plaintiff Timma Woodard
LEMBERG & ASSOCIATES L.L.C.
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Facsimile:   (888) 953-6237
Email: chergenroether@lemberglaw.com

12